UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PETER BUCK,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. _____

**JURY TRIAL DEMANDED**

July 26, 2018

**ORIGINAL COMPLAINT FOR REFUND OF**
**OVERPAYMENT OF UNITED STATES GIFT TAX**

The plaintiff, Peter Buck ("Plaintiff"), files this Original Complaint for Refund of Overpayment of United States Gift Tax against Defendant, United States of America, and in support thereof, states as follows:

**A. PARTIES**

1. Plaintiff is a resident of Connecticut who presently resides at 11 Centennial Drive, Danbury, Connecticut 06811.

2. The defendant, United States of America, is a governmental entity, operating in relevant part through the Department of the Treasury as the Internal Revenue Service ("the Service").

**B. JURISDICTION & VENUE**

3. Jurisdiction is conferred upon this Court pursuant to Title 28, United States Code, Section 1346(a)(1) and Title 26, United States Code, Section 7422.

4. Venue is proper in this Court, as Plaintiff resides in Danbury, Connecticut in this district.

## C. FACTS

5. Plaintiff timely filed gift tax returns for tax years 2010, 2011, 2012, and 2013 on April 6, 2011, April 10, 2012, April 9, 2013, and April 7, 2014, respectively.

6. On March 21, 2016, the Service issued a Notice of Deficiency to Plaintiff for his United States Gift (and Generation-Skipping Transfer) Tax Returns (Forms 709) for tax years 2010, 2011, 2012, and 2013, determining an increase in gift tax based on an increase in the value of gifts of undivided interests in timberland as well as penalties and interest.

7. On July 14, 2016, and September 16, 2016, Plaintiff paid the additional gift tax, penalties, and interest determined by the Service.

8. Pursuant to Internal Revenue Code ("I.R.C.") § 7422, having exhausted all available administrative remedies, Plaintiff brings this suit to recover the amounts that the Service collected through over-assessment of tax, penalties, and interest.

9. Redacted copies of Plaintiff's claims for refund are attached hereto as **Exhibits A, B, C, and D**, respectively, and are fully incorporated herein pursuant to Federal Rule of Civil Procedure 10(c).

10. A certified mail return receipt evidencing the Service's receipt of the four claims for refund is attached to this Complaint as **Exhibit E**.

11. To date, the Service has not given notice to Plaintiff of the disallowance or allowance of Plaintiff's claims for refund described in paragraph 9 above.

12. More than six months have elapsed since Plaintiff filed his claims for refund described in paragraph 9 above.

13. During the Service's audit, Plaintiff complied with the requirement to "substantiate any item" as that phrase is used in I.R.C. § 7491(a)(2)(A).

14. During the Service's audit, Plaintiff "cooperated with reasonable requests . . . for witnesses, information, documents, meetings and interviews" as that phrase is used in I.R.C. § 7491(a)(2)(B).

15. Plaintiff has "maintained all records required under this title" as that phrase is used in I.R.C. § 7491(a)(2)(B).

16. Plaintiff is not a partnership, corporation, or trust.

17. Plaintiff has exhausted all administrative remedies.

### D. CLAIM FOR RELIEF:
### REFUND OF OVERPAID GIFT TAX, PENALTIES AND INTEREST

18. Plaintiff repeats, realleges, and incorporates by reference all of the allegations contained in paragraphs 1 through 17, above, as fully set forth herein.

19. In 2017, Plaintiff engaged Primus Valuations to conduct additional appraisals of the undivided interests in timberland, the values of which were the subject of the March 21, 2016, Notice of Deficiency issued by the Service.

20. Primus Valuations concluded that the fair market values of the undivided interests in timberland were lower than those concluded by the Service.

21. Plaintiff overpaid federal gift tax with respect to his 2010, 2011, 2012, and 2013 gifts.

22. The Service has erroneously failed to allow Plaintiff's claims for refund and has failed to refund the overpayment of federal gift taxes, penalties, and interest in the amount of at least $9,515,622.00.

23. Accordingly, Plaintiff is entitled to a refund from Defendant in the amount of at least $9,515,622.00, or other such amount as may be legally refundable, for the erroneously assessed federal gift tax, penalties, and interest.

24. Additionally, Plaintiff is entitled to all statutory interest accruing on the overpayment from the dates of payment until refund, computed using the Internal Revenue Code Section 6621(a)(1) overpayment interest rate applicable to individuals.

25. No portion of the overpaid gift tax, penalties, or interest has been refunded to Plaintiff.

### E. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully requests judgment in his favor and against Defendant, United States of America:

i. In the amount of at least $9,515,622.00, plus all statutory interest thereon from the date of payment until refunded, or such other amount as is legally recoverable; and

ii. For Plaintiff's costs, attorney fees, and such other and further relief as the Court deems just and appropriate.

THE PLAINTIFF
PETER BUCK

By: _/s/ David Slossberg_
David A. Slossberg (ct13116)
Jeffrey P. Nichols (ct29547)
HURWITZ SAGARIN SLOSSBERG &
KNUFF, LLC
147 North Broad Street
Milford, CT  06460-0112
Telephone: (203) 877-8000
Fax: (203) 878-9800
DSlossberg@hssklaw.com
JNichols@hssklaw.com

4

*Of counsel:*

Stephanie Loomis-Price
Abigail Earthman
WINSTEAD PC
600 Travis Street, Suite 5200
Houston, TX 77002
Telephone: (713) 650-2750
Fax: (713) 650-2400
sloomisprice@winstead.com
aearthman@winstead.com

*Pending admission pro hac vice*