```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------- x
PETER BUCK,                      :
                                 :
          Plaintiff,             :
                                 :
v.                               :
                                 :   Civil No. 3:18-cv-1253 (AWT)
UNITED STATES OF AMERICA,        :
                                 :
          Defendant.             :
-------------------------------- x
```

**ORDER RE MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
<u>RELATED DEPOSITION TESTIMONY</u>**

The United States moves to compel the plaintiff to produce his will and seeks further deposition testimony from Ben Benoit, the plaintiff's financial manager, regarding the plaintiff's will and estate planning. For the reasons set forth below, the government's motion is being granted.

I.   **FACTUAL BACKGROUND**

The government's motion is related to a gift tax dispute that involves gifts of interests in real property by plaintiff Peter Buck to his two sons. The plaintiff applied fractional discounts when valuing the gifts on his tax returns. In defending this action, the government maintains that fractional discounts do not apply to the plaintiff's gifts and characterizes them as a means by which the plaintiff seeks to avoid the estate tax.

The government seeks to compel production of the

plaintiff's will and information about his estate planning. At Benoit's deposition, the plaintiff's counsel objected to the government's questions to Benoit about the plaintiff's will and estate planning.

**II.  LEGAL STANDARD**

Under the Federal Rules of Civil Procedure,

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Discovery of privileged information may be withheld if the withholding party "expressly make[s] the claim" that the information is privileged and "describe[s] the nature of the documents . . . not produced or disclosed" so as to "enable other parties to assess the claim." Id. 26(b)(5)(A). The withholding party must "serve on all parties a privilege log" with information required under local rules, D. Conn. Civ. R. 26(e), or risk waiving the privilege entirely, see Chase Manhattan Bank, N.A. v. Turner & Newall, PLC, 964 F.2d 159, 166 (2d Cir. 1992) ("[F]ailure to comply with the explicit requirements of [the local rule] may result in a finding that

-2-

the privilege has been waived[.]").

At a deposition, "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1). A deponent may object to questions during a deposition, but "the examination still proceeds" and "the testimony is taken subject to any objection." Id. 30(c)(2). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Id.

A party contesting relevance or privilege objections raised by a withholding party "may move for an order compelling disclosure or discovery" after certifying that the party has "in good faith conferred or attempted to confer" with the withholding party. Id. 37(a)(1). See also id. 37(a)(3)(B)(i), (iv).

### III. DISCUSSION

The government seeks "an order compelling the production of Plaintiff's will and deposition testimony from Mr. Benoit regarding Plaintiff's will and estate planning." Def.'s Mem. in Supp. of Mot. to Compel (ECF No. 47-1) ("Def. Mem.") at 12. The plaintiff maintains that his will is "a clearly privileged and irrelevant document." Pl.'s Mem. in Opp. to Mot. to Compel (ECF No. 56) ("Pl. Mem.") at 15. The court concludes that attorney-

client privilege does not apply here and that the information sought is relevant to the government's defense. Thus, the government is entitled to production of the plaintiff's will and to depose Benoit about the plaintiff's will and estate planning.

### A. Attorney-Client Privilege

"The burden of establishing the attorney-client privilege, in all its elements, always rests upon the person asserting it." United States v. Schwimmer, 892 F.2d 237, 244 (2d Cir. 1989). "A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." In re County of Erie, 473 F.3d 413, 419 (2d Cir. 2007). An attorney "may not assert a blanket claim of privilege and completely refuse to comply with the document request." Orbit One Commc'ns, Inc. v. Numerex Corp., 255 F.R.D. 98, 109 (S.D.N.Y. 2008). See also Dep't of Econ. Dev. v. Arthur Anderson & Co. (U.S.A.), 139 F.R.D. 295, 300 (S.D.N.Y. 1991) ("Blanket claims asserting attorney client privileges are improper.").

While the plaintiff argues he objected to production of the will on grounds of privilege and relevance, the only grounds he articulated were that the request sought "irrelevant information," that the "purported relevance [wa]s outweighed by Plaintiff's privacy interest," and that the request was "overly

broad and unlimited in time and scope." Pl.'s Obj. to Second Set of Written Discovery Requests at 2 (ECF No. 47-2 at 7). The only support that the plaintiff provides for his claim of privilege is the assertion in his "General Objections" that the plaintiff objects "to the extent that [the government's request] implicates information protected by the attorney-client privilege." Id. at 1. "[M]ere conclusory or ipse dixit assertions" are not enough to establish that the attorney-client privilege applies. von Bulow by Auersperg v. von Bulow, 811 F.2d 136, 146 (2d Cir. 1987) (citations and internal quotation marks omitted). See also Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 473-74 (S.D.N.Y. 1993) ("In requiring a party to prove the factual basis for its claims of privilege, the courts generally look to a showing based on affidavits or equivalent statements that address each document at issue."). "[I]f the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege, his claim will be rejected." United States v. Construction Prods. Rsch., Inc., 73 F.3d 464, 473 (2d Cir. 1996) (quoting Bowne, 150 F.R.D. at 474). Here, the plaintiff has not provided the basic information necessary to support his claim of privilege.

Even if the plaintiff had offered such basic details, Benoit's answers at his deposition and the plaintiff's reply

brief undermine the plaintiff's conclusory assertion that the attorney-client privilege applies. During his deposition, Benoit testified that he had read Buck's will and implied that he had attended meetings between Buck and his attorneys. See ECF No. 47-2 at 15-16. In order to invoke the attorney-client privilege, a party must show that his communication with an attorney "was in fact kept confidential." In re County of Erie, 473 F.3d at 419. A third party's presence in a conversation between a client and his attorney destroys the privilege unless the third party is "necessary, or at least highly useful, for the effective consultation between the client and the lawyer." United States v. Kovel, 296 F.2d 918, 922 (2d Cir. 1961). Moreover, the privilege "does not continue when the client voluntarily discloses [otherwise protected] documents to a third party." Ratliff v. Davis Polk & Wardwell, 354 F.3d 165, 170 (2d Cir. 2003). Here, the plaintiff has not shown that Benoit's presence as "Plaintiff's financial manager/trustee" was necessary or highly useful for these consultations. Pl. Mem. at 8. Nor has the plaintiff explained how his will remained protected as a communication even after he voluntarily disclosed it to a third party. Thus, the plaintiff has not carried his burden of showing that the attorney-client privilege applies.

**B.    Relevance**

"Information is discoverable under revised Rule 26(b)(1) if it is relevant to any party's claim or defense and is proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. A matter is relevant if it "bears on, or . . . reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance is lacking only if it has no "tendency to make a fact more or less probable than it would be without the evidence" or if it is of no "consequence in determining the action." Fed. R. Evid. 401. See also Bagley v. Yale Univ., 315 F.R.D. 131, 146 (D.Conn. 2016) ("In order to be 'relevant' for Civil Rule 26 discovery purposes, information and evidentiary material must be 'relevant' as defined in Rule of Evidence 401." (citation omitted)). The government asserts that the terms of a last will and testament applicable when a gift is made, or executed shortly after, are part of the objective circumstances under which the gift is made. The court agrees. The contents of the plaintiff's will and Benoit's deposition testimony may lend support to the government's position with respect to the propriety and proper extent of any discounts as a factual matter.

**IV.   CONCLUSION**

For the foregoing reasons, the United States' Motion to Compel Production of Documents and Related Deposition Testimony (ECF No. 47) is hereby GRANTED.

It is so ordered.

Dated this 24th day of September 2021, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge
